<mark>Case 1:22-cv-05537-MKV   Document 24   Filed 08/22/23   Page 1 of 8</mark>

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/22/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAMON FONTANEZ, *individually, and on behalf of all others similarly situated*,

       Plaintiff,

-against-

VALLEY LAHVOSH BAING COMPANY, INCORPORATED,

       Defendant.

1:22-cv-5537 (MKV)

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS**

MARY KAY VYSKOCIL, United States District Judge:

  Plaintiff Ramon Fontanez brings this putative class action against Valley Lahvosh Baking Co. ("Valley"), alleging that Valley has failed to make its website, which sells crackerbreads and crackers, fully accessible to visually impaired and legally blind people in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA"), and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 *et seq.* ("NYCHRL"). Valley moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. For the following reasons, the motion to dismiss is GRANTED.

**BACKGROUND**[1]

  Fontanez is a visually impaired person who uses screen-reading software when browsing the internet. *See* First Amended Complaint ¶¶ 1, 4 [ECF No. 11] ("FAC"). He is also a serial litigator, having filed 45 lawsuits in this District since June 2022. *See* NYSD ECF, https://nysd-ecf.sso.dcn/cgi-bin/iquery.pl (search for "Ramon Fontanzez") (last visited Aug. 22, 2023). All 45

---

[1] The facts are taken from the Amended Complaint, and for purposes of resolving this motion, are accepted as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In addition, the Court takes judicial notice of "the fact of other litigation in this District." *Loadholt v. Dungarees, Inc.*, No. 22-CV-4699, 2023 WL 2024792, at *1 n.3 (S.D.N.Y. Feb. 15, 2023).

of those lawsuits were filed by his counsel in this case. *See* NYSD ECF, https://nysd-ecf.sso.dcn/cgi-bin/iquery.pl (search for "Edward Kroub") (last visited Aug. 22, 2023).

Valley is an online retailer that sells crackers and crackerbreads on shop.valleylahvosh.com (the "Website"). FAC ¶ 2. Fontanez visited the Website to "purchase crackers." FAC ¶ 2. Specifically, he was interested in "Hearts Content" crackers, which are "heart-shaped" and come in "both the Original- and Cinnamon-flavor." FAC ¶ 3. But, according to Fontanez, the Website contained several access barriers, making it difficult to navigate with screen-reading software. FAC ¶ 4. For example, "[t]he screen reader fails to say anything when an item is added to the shopping cart," "[t]he screen reader fails to read the names of the products correctly," and "[t]he screen reader fails to read the title of a webpage properly." FAC ¶ 4.

Fontanez visited the Website five times in 2022—twice before filing the complaint in this action (May 24 and June 2), and three more times while this case was pending (July 1, August 2, and September 30). FAC ¶ 2. Notwithstanding the fact that "the accessibility barriers have made it nearly impossible for [Fontanez] to understand all the products available on the [W]ebsite," he "intends to return" to the Website to "purchase the Hearts Content" and "learn about any other products" once the barriers "are cured." FAC ¶ 6.

Fontanez filed this action in June 2022, asserting claims for: (1) violation of the ADA, (2) violation of the NYCHRL, and (3) declaratory relief. *See* Complaint [ECF No. 1]. After Valley filed a pre-motion letter, contending that the action should be dismissed for lack of standing, *see* Letter Motion [ECF No. 8], Fontanez filed an amended complaint adding, among other things, allegations about visits to the Website after filing his lawsuit. *See* FAC ¶ 2. Valley then moved to dismiss for lack of standing. *See* Motion to Dismiss [ECF No. 12]; Memorandum of Law in Support [ECF No. 13] ("Def. Mem."). Fontanez filed an opposition, *see* Memorandum of Law in

Opposition [ECF No. 18] ("Opp."), and Valley filed an untimely reply, *see* Reply Memorandum of Law [ECF No. 20].[2]

## LEGAL STANDARD

An action is properly dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction "if the court 'lacks the statutory or constitutional power to adjudicate it,' such as when . . . the plaintiff lacks constitutional standing to bring the action." *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.a.r.l*, 790 F.3d 411, 416–17 (2d Cir. 2015) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)).  To survive a Rule 12(b)(1) motion, Fontanez must "allege facts that affirmatively and plausibly suggest that [he] has standing to sue." *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011); *see also Cortlandt St.*, 790 F.3d at 417 ("The plaintiff bears the burden of alleging facts that affirmatively and plausibly suggest that it has standing to sue." (citation and alterations omitted)).

In considering the motion, the Court "accept[s] as true all material allegations of the complaint and . . . construe[s] the complaint in favor of [Fontanez]." *Cortlandt St.*, 790 F.3d at 417 (quoting *W.R. Huff Asset Mgmt. Co. v. Deloitte & Touche LLP*, 549 F.3d 100, 106 (2d Cir. 2008)).  However, the Court "need not credit 'a legal conclusion couched as a factual allegation' or a 'naked assertion devoid of further factual enhancement.'" *Calcano v. Swarovski N. America Ltd.*, 36 F.4th 68, 75 (2d Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  The Court may also rely on evidence outside of the Complaint.  *See Makarova*, 201 F.3d at 113.

---

[2] The Court has reviewed the untimely reply brief and concluded that it does not change the Court's analysis of the issues raised by the moving submission.

**DISCUSSION**

I.     **Fontanez Lacks Standing to Assert an ADA Claim**

Valley contends that Fontanez lacks Article III standing.  *See* Def. Mem. 7–13.  To establish standing, Fontanez must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of [Valley], and (3) that is likely to be redressed by a favorable judicial decision."  *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).  An injury in fact must be "'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'"  *Id.* at 339 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).

Valley contends that Fontanez has failed to plead an injury in fact.  In the ADA context, the Second Circuit has "found standing (and therefore an injury in fact) where (1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer . . . that plaintiff intended to return to the subject location."  *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187–88 (2d Cir. 2013).  In the digital context, a plaintiff satisfies the injury in fact requirement by asserting "non-conclusory, plausible factual allegations from which it is reasonable to infer, based on the past frequency of visits and the plaintiff's articulated interest in the products or services available on the particular website, that the plaintiff intends to return to the website."  *Loadholt v. Dungarees*, Inc., No. 22-CV-4699, 2023 WL 2024792, at *2 (S.D.N.Y. Feb. 15, 2023) (citing *Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 443 (2d Cir. 2022)).

The FAC contains no such allegations.  It alleges that Fontanez visited the Website five times—once a month for five months, including 3 post-suit visits—to purchase heart-shaped crackers.  FAC ¶¶ 2, 3.  Specifically, Fontanez wanted to purchase the "Heart Content" package because "it . . . includes both heart-shaped cracker flavor options and . . . is sold at a reasonable price."  FAC ¶ 26.  But these barebones allegations do not "nudge" Fontanez's claims "across the

line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Fontanez does not allege, for example, how he learned of the Website, why he was so interested in acquiring heart-shaped crackers in various flavors from this Website, or whether he searched for comparable crackers elsewhere.[3] *See Calcano*, 36 F.4th at 76–77 (explaining that the complaint did not nudge claims 'across the line from conceivable to plausible' where plaintiffs "fail[ed] to provide any details about their past visits" (emphasis omitted) (quoting *Iqbal*, 556 U.S. at 680)); *see also Loadholt*, 2023 WL 2024792, at *3 (dismissing complaint that failed to "allege the genesis for [plaintiff's] sudden need or want for 'belts' and 'jackets,' or that Dungarees is the only retailer that sells the particular belts and jackets he wants, or that he has searched for comparable belts and jackets but has been unable to find them at a comparable price point"). Indeed, in lieu of alleging *any* facts about Fontanez's interest in this specific product or the genesis of that interest, the FAC vaguely and coyly states that "it is easy to see why anyone would be drawn to both a company and product that market itself as being full of love." FAC ¶ 3. This assertion—"devoid of further factual enhancement"—is patently insufficient to allege standing. *Iqbal*, 556 U.S. at 678 (cleaned up). Moreover, Fontanez's purported interest in returning to the Website to "purchase the Hearts Content" and "learn about any other products," FAC ¶ 6, is "vague, lacking in support, and do[es] not plausibly establish that [Fontanez] 'intended to return'" to the Website. *Calcano*, 36 F.4th at 76 (quoting *Kreisler*, 731 F.3d at 188).

The broader context with which Fontanez has prosecuted this action—and others—further undermines his assertions of claimed injury. To start, Fontanez visited the Website only twice in an eleven-day period before filing this action. *See* FAC ¶ 2. This action was filed roughly one

---

[3] The absence of such allegations distinguishes this case from *Walters v. Fischer Skis United States, LLC*, No. 21-CV-1115, 2022 WL 3226352 (N.D.N.Y. Aug. 10, 2022), where the plaintiff alleged that he had a "history as a skier," was "interest[ed] in the sport" and visited the website at issue in order to "to update his ski gear." *Id.* at *4.

month later.  *See* Compl.  That same day, Fontanez and his counsel filed seven other actions in this District, each alleging identical causes of action.  *See Fontanez v. SwedenCareUSA Inc.*, No. 22-cv-5532 (S.D.N.Y. June 29, 2022); *Fontanez v. L'Oreal, USA, Inc.*, No. 22-cv-5534 (S.D.N.Y. June 29, 2022); *Fontanez v. Helen of Troy, L.P.*, No. 22-cv-5536 (S.D.N.Y. June 29, 2022); *Fontanez v. San Joaquin Figs, Inc.*, No. 22-cv-5540 (S.D.N.Y. June 29, 2022); *Fontanez v. Chocxo Chocolatier, LLC*, No. 22-cv-5568 (S.D.N.Y. June 29, 2022); *Fontanez v. Virgin Cruises Intermediate Ltd.*, No. 22-cv-5569 (S.D.N.Y. June 29, 2022); *Fontanez v. Mizu, Inc.*, No. 22-cv-5570 (S.D.N.Y. June 29, 2022).  But the peculiar timing does not end there.  After the complaint was filed, Fontanez visited the Website three times—two days after filing the complaint (July 1), two days before Valley's deadline to answer (August 2), and three days before filing the FAC (September 30).

This context cannot be ignored.  *See Calcano*, 36 F.4th at 77.  Indeed, the Second Circuit has explained that when a series of "carbon-copy complaints" have been filed, courts should consider "the broader context of Plaintiffs' transparent cut-and-paste and fill-in-the-blank pleadings."  *Id*.  That is precisely the case here.  Fontanez has filed dozens of complaints in this District, many of which use largely "identical language to state the same conclusory allegations." *Id*.; *see, e.g.*, *Fontanez v. Breuer Premium Pet Food Co.*, No. 22-cv-5097 (S.D.N.Y. June 17, 2022); *Fontanez v. KAS Pet, LLC*, No. 22-cv-5117 (S.D.N.Y. June 17, 2022); *Fontanez v. Ziwi USA Inc.*, No. 22-cv-5146 (S.D.N.Y. June 19, 2022); *Fontanez v. Helen of Troy, L.P.*, No. 22-cv-5536 (S.D.N.Y. June 29, 2022); *Fontanez v. San Joaquin Figs, Inc.*, No. 22-cv-5540 (S.D.N.Y. June 29, 2022).  These "Mad-Libs-style complaints . . . confirm[] the implausibility of [Fontanez's] claims of injury."  *Calcano*, 36 F.4th at 77; *see also Laufer v. Dove Hess Holdings, LLC*, No. 20-CV-379, 2020 WL 7974268, at *11 (N.D.N.Y. Nov. 18, 2020) ("[W]here a tester plaintiff discovers and is offended by ADA violations on a website, but that website has no actual,

specific relevance to that particular plaintiff beyond the plaintiff's desire to seek out and remedy ADA violations, no concrete and particularized injury has been alleged.").[4]

Because Fontanez provides no factual support for his conclusory claims, he has "failed to establish a 'real and immediate threat of repeated injury.'" *Calcano*, 36 F.4th at 78 (quoting *Kreisler*, 731 F.3d at 187). The ADA claim is dismissed for lack of standing.[5]

## II.     The Remaining Claims Are Dismissed

The NYCHRL claim is governed by the same standing requirements as the ADA claim. *See Mendez v. Apple Inc.*, No. 18-CV-7550, 2019 WL 2611168, at *4 (S.D.N.Y. Mar. 28, 2019). Because Fontanez lacks standing under the ADA, the NYCHRL claim must also be dismissed for lack of standing.

The third "cause of action," titled "Against Defendant for Declaratory Relief," is dismissed because it does not, in fact, constitute an independent claim. A "request for relief in the form of a declaratory judgment does not by itself establish a case or controversy involving an adjudication of rights." *In re Joint E. & S. Dist. Asbestos Litig.*, 14 F.3d 726, 731 (2d Cir. 1993); *see also Cisco*

---

[4] Fontanez cites a number of cases where judges in this District have found that plaintiffs sufficiently alleged standing in ADA website cases. *See* Opp. 8–16. Almost all of those cases pre-date the Second Circuit's ruling in *Calcano v. Swarovski North America Limited*, 36 F.4th 68 (2d Cir. 2022), and therefore do not aid Fontanez. *See, e.g.*, *Quezada v. U.S. Wings, Inc.*, No. 20-CV-10707, 2021 WL 5827437, at *1 (S.D.N.Y. Dec. 7, 2021); *Camacho v. Vanderbilt Univ.*, No. 18-CV-10694, 2019 WL 6528974, at *26–*28 (S.D.N.Y. Dec. 4, 2019); *Sanchez v. NutCo, Inc.*, No. 20-CV-10107, 2022 WL 846896, at *1 (S.D.N.Y. Mar. 22, 2022); *Sanchez v. Welcome Skateboards*, No. 21-CV-2598 (S.D.N.Y. Jan. 7, 2022) [ECF No. 35]; *Paguada v. Athena Allergy, Inc.*, No. 21-CV-1245 (S.D.N.Y. Feb. 22, 2022) [ECF No. 39]; *Romero v. Adagio Teas, Inc.*, No. 20-CV-7422 (S.D.N.Y. July 7, 2021) [ECF No. 31]. The decision in *Roman v. Greenwich Village Dental Arts P.C.*, No. 21-CV-5939, 2022 WL 4226026 (S.D.N.Y. Sept. 13, 2022), is similarly unhelpful to Fontanez, as the court did not address *Calcano* in its analysis. *Id.* at *2. And Fontanez's discussion of *Kreisler v. Second Avenue Diner Corporation*, 731 F.3d 184 (2d Cir. 2013), *see* Opp. 10, is inapposite because the allegations in that case—unlike the allegations at issue here—were not "vague [and] lacking in support." *Calcano*, 36 F.4th at 76.

[5] Valley also argues that the Website is not a place of public accommodation under the ADA. *See* Def. Mem. 13–125. Because the Court finds that Fontanez lacks standing, it need not address this issue which has not yet been addressed by the Second Circuit. *See Disability Advocs., Inc. v. N.Y. Coal. for Quality Assisted Living, Inc.*, 675 F.3d 149, 156 (2d Cir. 2012) ("[S]tanding is 'the threshold question in every federal case.'" (citation omitted)).

*Sys., Inc. v. Synamedia Ltd.*, 557 F. Supp. 3d 464, 474 (S.D.N.Y. 2021) ("A request for relief in the form of a declaratory judgment does not constitute an independent cause of action.").

### III.     Leave to Amend is Denied

When a complaint is dismissed for lack of standing, courts generally give the plaintiff leave to file an amended complaint. *See Dominguez v. Grand Lux Cafe LLC*, No. 19-CV-10345, 2020 WL 3440788, at *4 (S.D.N.Y. June 22, 2020). Courts are instructed, after all, to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P 15(a)(2). But justice does not so require here. The Court already granted Fontanez leave to amend his complaint in response to Valley's pre-motion letter which argued that he failed to establish standing. *See* Letter Motion [ECF No. 8]; Scheduling Order [ECF No. 10]. Moreover, Fontanez "has not identified any proposed amendments that would cure his pleading and confer standing." *Dominguez*, 2020 WL 3440788, at *4. Accordingly, Fontanez is not granted leave to further amend.

### CONCLUSION

For the foregoing reasons, the motion to dismiss is GRANTED with prejudice. The Clerk of Court respectfully is requested to terminate ECF No. 12 and to close this case.

**SO ORDERED.**

**Date:  August 22, 2023**                         **MARY KAY VYSKOCIL**
**New York, NY**                                   **United States District Judge**